## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY PINKNEY,            ) | |
|                    ) | |
|      Petitioner,      ) | |
|                    ) | |
|     v.                 ) | Civil Action No. 08-2044 (RMC) |
|                    ) | |
| UNITED STATES OF AMERICA, *et al.*,    ) | |
|                    ) | |
|      Respondents.     ) | |
| | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on Mr. Tracy Pinkney's petition for a writ of habeas corpus. The petition will be denied.

### I. BACKGROUND

In the Superior Court of the District of Columbia, a jury found Petitioner guilty of second degree murder and assault with a deadly weapon, and the court sentenced him to consecutive prison terms of twenty years to life for murder and forty months to ten years for assault. Pet. at 3; *see Pinkney v. United States*, 851 A.2d 479, 482 (D.C. 2003). Petitioner appealed his conviction to the District of Columbia Court of Appeals and, under D.C. Code § 23-110, filed a *pro se* motion in the Superior Court to vacate his sentence on the ground that counsel rendered ineffective assistance. *Pinkney*, 841 F.2d at 482. The Superior Court denied the § 23-110 motion without a hearing, and Petitioner's appeal of that ruling was consolidated with the previous appeal. *Id.* Although the Court of Appeals found "no error in the denial of

[Petitioner's] § 23-110 motion, and no abuse of discretion in the [trial] court's original decision to disqualify defense counsel," it held that the court "abused its discretion a year later by failing to conduct a sufficient inquiry before ruling that [Petitioner's] counsel of choice would not be reinstated." *Id.* at 483.

According to Petitioner, on remand and after a hearing, the Superior Court denied his § 23-110 motion pertaining to the reinstatement of counsel, and the Court of Appeals rejected his appeal on October 25, 2006. Pet. at 4. The Court of Appeals denied his motion to recall the mandate on April 6, 2007. *Id.* Undaunted, Petitioner filed another § 23-110 motion in the Superior Court which was denied on August 29, 2008, and he has had no more success in this Court on prior habeas petitions. *Id.*; *see Pinkney v. Stine*, No. 08-0066, 2008 WL 170318, at *1 (D.D.C. Jan. 14, 2008 ) (dismissing habeas petition).

In this habeas action, Petitioner "directly challenges the constitutionality of appellate procedures" before the District of Columbia Court of Appeals and purports to appeal those decisions to this Court. Pet. at 3. In addition, he demands that his convictions be reversed and vacated. *Id.* at 10.

## II.  DISCUSSION

Generally, a prisoner "in custody under a sentence of the Superior Court may move to have the sentence vacated for various reasons, including ineffective assistance of counsel[,]" by filing a motion under D.C. Code § 23-110. *Butler v. United States*, 884 A.2d 1099, 1104 (D.C. 2005). Petitioner argues that "this case presents the unusual situation where [§] 23-110 is not adequate or effective enough to protect [his] constitutional rights." Pet. at 2. Specifically, Petitioner argues that the Superior Court "doesn't have the authority to rule on the

2

constitutionality of appellate proceedings." *Id.* at 3. It is true that the Superior Court has no authority to entertain a complaint as to the adequacy of appellate counsel. *Watson v. United States*, 536 A.2d 1056, 1060 (D.C. 1987) (en banc) (recognizing that the Superior Court has no power to entertain complaints about the adequacy of appellate counsel under D.C. Code §§ 16-1904 and 23-110), *cert. denied*, 486 U.S. 1010 (1988); *Streater v. United States*, 429 A.2d 173 (D.C. 1980) (per curiam), *appeal dismissed and cert. denied*, 451 U.S. 902 (1981) (finding that D.C. Code § 23-110 provides no basis for the Superior Court's review of appellate proceedings). Rather, to challenge the effectiveness of appellate counsel, Petitioner must move for recall of the District of Columbia Court of Appeals' mandate affirming his conviction. *Watson v. United States*, 536 A.2d at 1061.

The limits of the Superior Court's jurisdiction do not confer jurisdiction on this Court, however. It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992); *see Swain v. Pressley*, 430 U.S. 372, 381-82 (1977) ("Since the scope of the remedy provided [§] 23-110 is the same as that provided by [28 U.S.C. §] 2255, it is also commensurate with habeas corpus in all respects save one – the judges who administer it do not have the tenure and salary protection afforded by Art. III of the Constitution."). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.) (per curiam) , *cert. denied*, 479 U.S. 993 (1986).

Here, Petitioner represents that he has filed motions under D.C. Code § 23-110 in the Superior Court and has moved to recall the mandate of the Court of Appeals. That Petitioner is foreclosed from relitigating these issues in the District of Columbia courts does not render the remedies under D.C. Code § 23-110 inadequate or ineffective. *See id.* Moreover, "[e]ven if a petitioner does not prevail on a motion to recall the mandate, the availability of such a course precludes the finding of inadequacy or ineffectiveness required to maintain jurisdiction in this Court." *Hewitt v. Smith*, No. 05-1861, 2006 WL 1722330 at *3 (D.D.C. June 20, 2006); *Collier v. United States*, No. 99-5120, 1999 WL 1336229, at *1 (D.C. Cir. Dec. 15, 1999) (per curiam) (a petitioner's "[f]ailure to prevail in [the District of Columbia Court of Appeals] does not render his local remedies inadequate or ineffective"), *cert. denied*, 529 U.S. 1118 (2000).

The Court will deny the petition for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion will be issued separately.

ROSEMARY M. COLLYER
United States District Judge

Date: 1/30/09